BOLIN, Judge.
Plaintiff was employed as a saleslady fof a retail credit clothier in Shreveport, Lou *744 isiana. During the course of her employ-' ment she apparently slipped and fell, allegedly causing multiple injuries, the most serious being to her hack. For this accident and resulting disability her employer’s liability insurer paid plaintiff weekly workmen’s compensation benefits from August 10, 1961 to April 18, 1962, at which time payments were terminated. The present action was instituted for the balance of the benefits allegedly due for total and permanent disability under Louisiana Revised Statutes 23:1221(2). From judgment rejecting her demands plaintiff appeals.
■ The trial judge has favored this court with an excellent and concise written opinion. In his reasons for judgment he briefly commented upon the testimony of each witness and found the employee had not borne the burden of proving disability beyond the date compensation payments were terminated.
The medical evidence consisted of the depositions of two orthopedic specialists and a neurosurgeon. Only one lay witness testified other than plaintiff and the credit manager for defendant clothing company.
Since the case presents a purely factual question, we deem it unnecessary to comment in detail upon the evidence. Briefly, we conclude the original fall and injury to the employee was established but the testimony of both the medical and lay witnesses fails to convince us that plaintiff’s disability continued beyond the date compensation payments were terminated.
The trial judge concluded his findings as follows:
“When there is a conflict between medical experts, the Court can look to the lay witnesses for confirmation of a compensation claimant’s complaints of pain and disability. There is no substantiating lay evidence before the Court in this-case.
“Plaintiff bears the burden of proving her case by a preponderance of the evidence in this case as in any other and! the Court is of the opinion that she has failed to do this. For this reason it will be necessary to dismiss her suit at her cost.”
The case presents no disputed legal questions and we are unable to find error in the factual conclusions reached by the trial court, consequently the judgment appealed from is affirmed at appellant’s cost.
Affirmed.